## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## STATESVILLE DIVISION
### CASE NO. 5:16-CV-00155-RLV-DCK

| | |
|---|---|
| SIMPSON PERFORMANCE PRODUCTS, INC., | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) **ORDER** |
| | ) |
| MASTERCRAFT SAFETY, INC. and IMPACT RACING, INC., | ) ) ) |
| Defendants. | ) ) ) |

**THIS MATTER IS BEFORE THE COURT** on (1) Defendants Mastercraft Safety, Inc.'s and Impact Racing, Inc.'s (collectively "Defendants") Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 10); (2) Magistrate Judge David C. Keesler's Memorandum and Recommendation Defendants' Motion to Dismiss (Doc. 19); and (3) Defendant Impact Racing, Inc.'s Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(3) or, in the alternative, to transfer venue pursuant to 28 U.S.C. § 1404(a) (Doc. 25). Both motions have been briefed. (Docs. 11, 17, 25-1, 28-29). No party filed an objection to Magistrate Judge Keesler's Memorandum and Recommendation that recommended denying Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) as moot and terminating Mastercraft Safety, Inc. as a defendant, and the time to file objections has elapsed. Accordingly, Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Memorandum and Recommendation, and Defendant Impact Racing, Inc.'s Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(3), are all ripe for disposition. For the following reasons, the Memorandum and Recommendation (Doc. 19) is **ADOPTED**, Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 10) is **DENIED** as moot, the Clerk is

1

**DIRECTED** to **TERMINATE** Mastercraft Safety, Inc. as a defendant in this action, Defendant Impact Racing, Inc.'s Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(3) or, in the alternative, to transfer venue pursuant to 28 U.S.C. § 1404(a) (Doc. 25) is **GRANTED** to the extent that this Court (1) concludes that venue is improper in this District and (2) exercises its discretion under 28 U.S.C. § 1406(a) to transfer this action to a district where the action could have been brought, and this action is **TRANSFERRED** to the Southern District of California.

I.         PROCEDURAL AND FACTUAL BACKGROUND

In August of 2016, Plaintiff Simpson Performance Products, Inc. filed suit against Defendant Mastercraft Safety, Inc. ("Mastercraft Safety") and Defendant Impact Racing, Inc. ("Impact Racing"), alleging one count of infringement of U.S. Patent No. 9,351,529 (the "'529 Patent"). (Doc. 1 at 3-7; *see also* Doc. 16 at 3-12). The '529 Patent relates to a restraint device that is used in conjunction with a helmet to stabilize a driver's head and neck in the event of a crash while operating a motorsport vehicle. (*See* Doc. 16 at 3). Plaintiff alleges that it is incorporated in Texas and has a principal place of business in Mooresville, North Carolina. *Id.* at 1. Plaintiff Amended Complaint further alleges that Defendant Impact Racing is incorporated in California and that Impact Racing's principal place of business is in Santee, California. *Id.* This Court takes judicial notice that El Cajon, California is a city in San Diego County, California, and is within the Southern District of California. Finally, Plaintiff alleges venue was proper in this Court under 28 U.S.C. § 1391(b), (c) and under 28 U.S.C. § 1400(b). *Id.* at 3.

On December 1, 2016, Defendants filed a motion to dismiss under Fed. R. Civ. P. 12(b), arguing that Plaintiff's complaint failed to state a claim for purposes of Rule 12(b)(6). (Doc. 10 ("first Rule 12(b) motion")). Defendants' first Rule 12(b) motion was referred to Magistrate Judge David C. Keesler. (*See* Doc. 19). Within twenty-one days of Defendants filing the first Rule 12(b)

motion, and while the first Rule 12(b) motion was before Magistrate Judge Keesler, Plaintiff amended its complaint. (Doc. 16). Plaintiff's Amended Complaint, although still listing Mastercraft Safety as a defendant in the case caption, only alleges claims against Impact Racing.[1] *See id.* at 1. In light of Plaintiff's Amended Complaint, Magistrate Judge Keesler issued a memorandum and recommendation recommending that Defendants' Rule 12(b) motion be denied as moot and that Mastercraft Safety be terminated as a defendant. (Doc. 19). No party objected to Magistrate Judge Keesler's memorandum and recommendation and the time to file objections has elapsed.

On January 5, 2017, Defendant Impact Racing filed a second motion to dismiss under Rule 12(b), arguing that Plaintiff's Amended Complaint failed to state a claim for purposes of Rule 12(b)(6). (Doc. 20 ("second Rule 12(b) motion")). Plaintiff filed a response to Defendant Impact Racing's second Rule 12(b) motion (Doc. 22) and Defendant Impact Racing filed a reply to Plaintiff's response (Doc. 23). On May 22, 2017, the United States Supreme Court issued its decision in *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, a case addressing "where proper venue lies for a patent infringement lawsuit brought against a domestic corporation." 137 S. Ct. 1514, 1516 (2017). Relying on *TC Heartland*, Defendant Impact Racing filed a third Rule 12(b) motion, this time seeking dismissal for improper venue under Rule 12(b)(3) or, in the alternative, a transfer of this case to the Southern District of California pursuant to 28 U.S.C. § 1404(a). (Doc. 25 ("third Rule 12(b) motion" or "Rule 12(b)(3) motion")). As to venue being improper in the Western District of North Carolina, Defendant Impact Racing argues that it (1) is incorporated in California, not North Carolina, and (2) does not have a regular and established place of business

---

[1] In subsequent filings, Plaintiff acknowledges that its Amended Complaint does not raise any claims against Mastercraft Safety and that Mastercraft Safety is not a party to this action under the Amended Complaint. (*See* Doc. 18 at 1, Doc. 22 at 1).

3

in North Carolina. (Doc. 25-1 at 8-16). In response, Plaintiff argues Defendant Impact Racing waived its defense of improper venue by failing to raise the venue issue in its two prior Rule 12(b) motions to dismiss. (Doc. 28 at 3-6). Defendant Impact Racing argues that an exception to general rule of waiver applies because *TC Heartland* represents an intervening change in the law governing venue for patent litigation and that the venue defense was not available to Defendant Impact Racing until the Supreme Court issued its decision in *TC Heartland* because binding precedent from the United States Court of Appeals for the Federal Circuit foreclosed the venue argument raised in its Rule 12(b)(3) motion. (Doc. 25-1 at 16-17; Doc. 29 at 7-13); *see also VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1584 (Fed. Cir. 1990), *cert denied*, 499 U.S. 922 (1991).

## II. DISCUSSION

### A. Standard of Review

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(3), this Court must determine whether venue is improper in the Western District of North Carolina. "To survive a motion to dismiss for improper venue when no evidentiary hearing is held, the plaintiff need only make a prima facie showing of venue." *Mitrano v. Hawes*, 377 F.3d 402, 405 (4th Cir. 2004). "In assessing whether there has been a prima facie venue showing, [the court] view[s] the facts in the light most favorable to the plaintiff." *Aggarao v. MOL Ship Mgmt. Co., Ltd.*, 675 F.3d 355, 366 (4th Cir. 2012). A court reviewing a Rule 12(b)(3) motion may "consider evidence outside the pleadings. *Id.* at 365-66.

### B. Venue Analysis

It is against the following backdrop that Defendant Impact Racing filed its third Rule 12(b) motion, seeking dismissal based on improper venue under Rule 12(b)(3). In patent infringement

4

actions, venue is proper "in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). Section 1400(b) does not include its own definitional provisions; meanwhile, 28 U.S.C. § 1391(c), a subsection within the general venue statute, defines the term "residency." The interaction between the patent venue statute and the general venue statute, particularly with respect to the effect of § 1391(c) of the general venue statute on the definition of the word "resides" in § 1400(b), has been a source of controversy in patent litigation for some time. *See TC Heartland*, 137 S. Ct. at 1518-19 (discussing various patent venue rulings and stating that "courts reached differing conclusions regarding whether § 1400(b)'s use of the word 'resides' incorporated § 1391(c)'s definition of 'residence.'"). In 1957, the Supreme Court, in *Fourco Glass*, "squarely rejected" the United States Court of Appeals for the Second Circuit's determination that § 1391(c)'s definition of residency applied to § 1400(b) and went on to hold that "§ 1400(b) 'is the sole and exclusive provision controlling venue in patent infringement actions, and . . . is not to be supplemented by . . . § 1391(c).'" *Id.* at 1519 (quoting *Fourco Glass Co. v. Transmirra Prods. Corp.*, 353 U.S. 222, 229 (1957)).

Subsequent to the Supreme Court's decision in *Fourco Glass*, Congress, in 1988, amended § 1391(c). *Id.* (citing Judicial Improvements and Access to Justice Act, §1013(a), 102 Stat. 4669). Relying on language in the 1988 congressional amendment, the Federal Circuit concluded that Congress intended to supersede the Supreme Court decision in *Fourco Glass* and that § 1391(c)'s amended language served to impart § 1391(c)'s definition of "residency" into the term "resides" in § 1400(b). *VE Holding*, 917 F.2d at 1578. The Federal Circuit's *VE Holding* decision stood for twenty-seven years, with the Federal Circuit affirming *VE Holding* multiple times, including after Congress again amended § 1391 in 2011, and with the Supreme Court denying certiorari on

5

multiple writs seeking to challenge the *VE Holding* decision. *See In re TC Heartland LLC*, 821 F.3d 1338, 1341-43 (Fed. Cir. 2016); *Trintec Indus., Inc. v. Pedre Promotional Prods., Inc.*, 395 F.3d 1275, 1280 (Fed. Cir. 2005) (citing *VE Holding* and stating, "although [defendant] moved to dismiss for lack of personal jurisdiction and improper venue, the venue point is a non-issue. Venue in a patent action against a corporate defendant exists wherever there is personal jurisdiction[] . . . Therefore, no separate venue inquiry is necessary."); *Century Wrecker Corp. v. Vulcan Equip. Co.*, 923 F.2d 870 (Fed. Cir. 1990) (unpublished), *cert denied*, 499 U.S. 962 (1991).[2] Then, in *TC Heartland*, the Supreme Court abrogated *VE Holding* and held that the 1988 congressional amendments to § 1391 did not render § 1391(c)'s definition of "residency" applicable to § 1400(b). *TC Heartland*, 137 S. Ct. at 1520-21.

Pursuant to *TC Heartland*, § 1400(b) is the sole and exclusive venue statute governing patent litigation. *Id.* at 1521. As previously noted, § 1400(b) states that "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." For purposes of the patent venue statute, a corporate defendant is said to "reside" only in its state of incorporation. *TC Heartland*, 137 S. Ct. at 1521. "[I]n determining whether a corporate defendant has a regular and established place of business in a district, the appropriate

---

[2] *See also Delta Sys., Inc. v. Indak Mfg. Corp.*, 4 F. App'x 857, 859 (Fed. Cir. 2001) (noting, with approval, *VE Holding*'s holding that § 1391(c) defines "resides" in § 1400(b)); *In re Mini Micro Stencil, Inc.*, 232 F. 3d 905, 2000 WL 290354, at *1 (Fed. Cir. 2000) (unpublished) (same); *West v. Terry Bicycles, Inc.*, 230 F.3d 1382, 2000 WL 152805, at *3 (Fed. Cir. 1996) (unpublished) (concluding that district court erred where it dismissed action based on improper venue without applying § 1391(c)'s definition of residency to § 1400(b), as required by *VE Holding*); *N. Am. Philips Corp. v. Am. Vending Sales, Inc.*, 35 F.3d 1576, 1577 n.1 (Fed. Cir. 1994) (citing *VE Holding* with approval relative to venue issue); *SGS-Thomson Microelectronics, Inc. v. Int'l Rectifier Corp.*, 31 F.3d 1177, 1994 WL 374529, at *3 (Fed. Cir.) (unpublished) (relying on *VE Holding* to state that, within context of venue challenge in patent litigation, "[u]nder 28 U.S.C. § 139[1](c), a corporate defendant resides where it is subject to personal jurisdiction"), *cert denied*, 513 U.S. 1052 (1994); *In re Traveler's Club Luggage, Inc.*, 935 F.2d 279 (Fed. Cir. 1991) (unpublished) (citing *VE Holding* with approval relative to venue issue).

inquiry is whether the corporate defendant does its business in that district through a permanent and continuous presence there." *In re Cordis Corp.*, 769 F. 2d 733, 737 (Fed. Cir. 1985).

In response to Defendant Impact Racing's motion to dismiss for improper venue, Plaintiff does not attempt to argue that venue is proper in the Western District of North Carolina. (*See* Doc. 28 at 1-6). Accordingly, in the absence of any argument by Plaintiff that venue is proper in the Western District of North Carolina subsequent to *TC Heartland*, Plaintiff has failed to make a prima facie showing of proper venue.

   C. <u>Availability of Venue Defense</u>

Rather than challenging the propriety of venue in this District, Plaintiff argues that Defendant Impact Racing waived its venue defense by not raising it in either of its first or second Rule 12(b) motion. (Doc. 23 at 3-6). The defense of improper venue is an affirmative defense that a defendant waives if it does not raise it in a timely manner. *See Dee-K Enters., Inc. v. Heveafil Sdn. Bhd.*, 985 F. Supp. 640, 642-43 (E.D. Va. 1997). A defendant waives a defense of improper venue if it does not include its venue defense in a motion as part of, or prior to, its responsive pleading. Fed. R. Civ. P. 12(h)(1). Relevant to raising a venue defense, Rule 12(g) provides that "a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2). Thus, "Rule 12(g) operates in conjunction with Rule 12(h) to require that all defenses permitted to be raised by motion, which are then available, must be included in the same [Rule 12(b)] motion." *Bromfield v. McBurney*, 2009 WL 674517, at *5 (W.D. Wash. Mar. 12, 2009) (internal quotation marks omitted). In other words, a defendant "who does not initially raise certain defenses – lack of personal jurisdiction, improper venue, improper process, and improper

7

service of process – cannot invoke those defenses later on." *Paleteria La Michoacana v. Productos Lacteos*, 905 F. Supp. 2d 189, 192 (D.D.C. 2012).

Rule 12(g)'s limitation on raising a 12(b) defense after an initial 12(b) motion was filed is premised on the belated defense being "available" to the defendant. As a result, an exception to the general rule of waiver exists "when there has been an intervening change in the law recognizing an issue that was not previously available." *Holland v. Big River Minerals Corp.*, 181 F.3d 597, 605 (4th Cir. 1999).[3] "[A] defense is unavailable if its legal basis did not exist at the time of the answer or pre-answer motion . . . ." *Chatman-Bey v. Thornburgh*, 864 F. 2d 804, 813 n.9 (D.C. Cir. 1988) (citing *Holzager v. Valley Hosp.*, 646 F.2d 792, 796 (2nd Cir. 1981)). Fully stated,

> [t]he intervening law exception to the general rule that the failure to raise an issue timely in the district court waives review of that issue . . . applies when 'there was strong precedent' prior to the change . . . such that the failure to raise the issue was not unreasonable and the opposing party was not prejudiced by the failure to raise the issue sooner.

*Big River Minerals Corp.*, 181 F.3d at 605-06 (quoting and citing *Curtis Publ'g Co. v. Butts,* 388 U.S. 130, 143, 145 (1967)); *see also Gucci Am., Inc. v. Weixing Li*, 768 F.3d 122, 135-36 (2d Cir. 2014) ("[A] defendant does not waive a personal jurisdiction argument . . . if the 'argument that the court lacked jurisdiction over the defendant would have been *directly contrary to controlling precedent* in this Circuit.'" (emphasis added) (brackets omitted) (quoting *Hawknet, Ltd. v. Overseas Shipping Agencies*, 690 F.3d 87, 92 (2d Cir. 2009))); *Hand Held Prods., Inc. v. Code Corp.*, 2017 WL 3085859, at *3 (D.S.C. July 18, 2017) ("Of course, a litigant's reasonable but

---

[3] The law of the regional circuit where a case arises governs "procedural matters that are not unique to patent law." *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1564 (4th Cir. 1994) (citing *Panduit Corp. v. All States Plastic Mfg. Co.*, 744 F.2d 1564, 1574-75 (Fed. Cir. 1984) (overruled on other grounds by *Richardson-Merrell, Inc. v. Koller*, 472 U.S. 424 (1985))). While the venue statute at issue in this case, 28 U.S.C. § 1400, is unique to patent law, the ability belatedly to raise a defense under the intervening change in law exception to the general rule of waiver is not unique to patent law. In any event, however, this Court's research has not uncovered any Federal Circuit authority contrary to *Big River Minerals Corp.*'s statement of the law with respect to the considerations governing the intervening change in law exception to the general rule of waiver.

mistaken belief should waive a late challenge to venue if prejudice to the plaintiff would result." However, since "litigation in [the] matter ha[d] just begun . . . [plaintiff] [would] not be prejudiced by litigating [the] matter for the first time in a proper venue."); *Ironburg Inventions Ltd. v. Valve Corp.*, 2017 WL 3307657, at *3 (N.D. Ga. Aug. 3, 2017) (considering undue prejudice to the plaintiff as a factor in granting the defendant's motion to transfer).

Conversely, "[a] defense is 'available' where circuit precedent does not foreclose it at the relevant time, regardless of any later Supreme Court ruling resolving a circuit split." *CG Tech. Dev., LLC v. Fanduel, Inc.*, 2017 WL 3207233, at *1 (D. Nev. Jul. 27, 2017) (citing *Am. Fid. Assur. Co. v. Bank of N.Y. Mellon*, 810 F.3d 1234, 1241 (10th Cir. 2016)). This is true even when subsequent developments provide a legal footing for the argument not raised or lend significant credence to the argument not raised. *See Big River Minerals Corp.*, 181 F.3d at 606-07 (Supreme Court decision that served as basis for untimely defense did not constitute intervening change in law for purposes of exception to the general rule of waiver because the decision did not specifically address the statutory provision at issue and because the Fourth Circuit had not previously addressed the validity of the untimely defense).

Based on the preceding statement of the law governing waiver, this Court must consider three issues when considering Plaintiff's waiver argument: (1) did *TC Heartland* constitute an intervening change in the law subsequent to the filing of the first and second Rule 12(b) motions; (2) did *VE Holding* constitute a strong and controlling precedent against the position ultimately adopted by the Supreme Court in *TC Heartland*, such that it was not unreasonable for Defendant Impact Racing to not raise the venue defense before *TC Heartland*; and (3) was Plaintiff prejudiced by Defendant Impact Racing's failure to raise the venue defense earlier. As previously discussed, in *TC Heartland*, the Supreme Court held that the patent venue statute, § 1400(b), was not

9

incorporated by the general venue statute, § 1391(c), for the purposes of defining where a corporation was said to "reside." *TC Heartland*, 137 S. Ct. at 1517. In so ruling, the Supreme Court abrogated the Federal Circuit's holding in *VE Holding* and significantly narrowed the number of venues that a given patent suit could be properly brought in, relative to the venues available under *VE Holding*. In light of the fact that rulings of the Federal Circuit provide binding authority on all patent litigation in all federal district courts, on its face, *TC Heartland*'s rejection of *VE Holding* represents an intervening change in the law.

Plaintiff, however, argues that *TC Heartland* merely reaffirmed *Fourco Glass* such that *Fourco Glass* always controlled the venue issue Defendant Impact Racing now seeks to raise, and that *VE Holding* was merely a misguided attempt by the Federal Circuit to effectively overrule the Supreme Court's *Fourco Glass* decision. (*See* Doc. 23 at 5-6). Other district courts presented with belated venue arguments based on *TC Heartland* have reached opposite conclusions regarding whether *TC Heartland* constituted an intervening change in law, or merely a reaffirmance of *Fourco Glass*. *Compare Cobalt Boats, LLC v. Sea Ray Boats, Inc.*, ___ F. Supp. 3d ___, 2017 WL 2556679, at *3 (E.D. Va. June 7, 2017) (holding that *VE Holding* improperly disregarded *Fourco Glass* such that *TC Heartland* merely reaffirmed existing Supreme Court precedent as stated in *Fourco Glass,* and did not constitute an intervening change in the law); *Amax, Inc. v. ACCO Brands Corp.*, 2017 WL 2818986, at *3 (D. Mass. June 29, 2017) (relying on *Cobalt Boats, LLC*); *iLife Techs., Inc. v. Nintendo of Am., Inc.*, 2017 WL 2778006, at *5-7 (N.D. Tex. June 27, 2017) (concluding that *VE Holding* improperly overruled *Fourco Glass* where it held that congressional amendment implicitly, rather than explicitly, superseded *Fourco Glass.*); *Infogation Corp. v. HTC Corp.*, 2017 WL 2869717, at *4 (S.D. Cal. July 5, 2017) (agreeing with earlier courts holding that *TC Heartland* was not an intervening change in the law but doing so

without providing any analysis), *with Maxchief Invs. Ltd. v. Plastic Dev. Grp., LLC*, 2017 WL 3479504, at *3-4 (holding that *TC Heartland* represented an intervening change in law where *VE Holding* was based on interpretation of 1988 congressional amendment to § 1391 following decision in *Fourco Glass*); *Valspar Corp. v. PPG Indus. Inc.*, 2017 WL 3382063, at *4 (D. Minn. Aug. 4, 2017) (same); *Ironburg Inventions Ltd.*, 2017 WL 3307657, at *2 (rejecting position that *VE Holding* attempted to overturn *Fourco Glass* and noting that *VE Holding* viewed issue as matter of "first impression" based on 1988 congressional amendment); *CG Tech. Dev., LLC*, 2017 WL 3207233, at *2 (same as *Maxchief Invs. Ltd.*); *OptoLum, Inc. v. Cree, Inc.*, 2017 WL 3130642, at *3-4 (D. Ariz. Jul. 24, 2017) (same as *Maxchief Invs. Ltd.*); *Westech Aerosol Corp. v. 3M Co.*, 2017 WL 2671297, at *2 (W.D. Wash. Jun. 21, 2017) (describing *TC Heartland* as a "sea change" that patent-litigation defendants "could not have reasonably anticipated," and noting that *TC Heartland* allowed defendants to raise credible argument to venue "[f]or the first time in 27 years").

Having considered the opposing arguments and district court opinions, this Court concludes that *TC Heartland* constitutes an intervening change in the law. The Federal Circuit in *VE Holding* made clear it was hearing the case as a matter of first impression, in order to determine if the 1988 congressional amendments superseded the Supreme Court's decision in *Fourco Glass*. *VE Holding*, 917 F.2d at 1579. Specific to that point, the Federal Circuit in *VE Holding* stated:

> The issue, then, is not whether the prior cases, including Supreme Court cases, determined that under different statutory language Congress' intent was that § 1400(b) stood alone. The issue is, what, as a *matter of first impression*, should we conclude the Congress *now* intends by this new language in the venue act.

*Id.* (first emphasis added). *VE Holding*, therefore, was not an attempt to "overrule" the Supreme Court, it was merely an attempt by the Federal Circuit to interpret a newly amended statute. Though the Supreme Court ultimately disagreed with the Federal Circuit's interpretation of the

11

effect of the 1988 congressional amendments on the patent venue statute, the Supreme Court's rejection of *VE Holding* does not necessitate the conclusion that *VE Holding* was nothing more than an attempt by the Federal Circuit impermissibly to overturn *Fourco Glass*.

This conclusion is buttressed by language in *TC Heartland*. Notably, the Supreme Court, when describing the Federal Circuit's *VE Holding* decision, emphasized that "[the venue] landscape *remained effectively unchanged* until 1988, when Congress amended the general venue statute, § 1391(c) . . . ." *TC Heartland*, 137 S. Ct. at 1519 (emphasis added). The Supreme Court further explained that the "Federal Circuit concluded that subsequent statutory amendments had effectively amended § 1400(b) as construed in *Fourco Glass*, with the result that § 1391(c) now supplies the definition for 'resides' in § 1400(b)." *Id*. at 1517. Therefore, both the Federal Circuit and the Supreme Court identified the fact that the venue landscape had changed significantly in the post-*Fourco Glass*/pre-*TC Heartland* period as the basis for the Federal Circuit's decision in *VE Holding*. Accordingly, where *TC Heartland* was decided after the filing of the first and second Rule 12(b) motions to dismiss, *TC Heartland* constitutes an intervening change in the law.

The next question, then, is whether the prevailing argument in *TC Heartland* was available to Defendant Impact Racing prior to the decision in *TC Heartland*. This Court concludes that *VE Holding,* undoubtedly constituted strong and controlling precedent against the prevailing position in *TC Heartland*. *VE Holding* remained binding precedent on this Court, and every other district court relative to patent litigation, for twenty-seven years, with the Federal Circuit reaffirming its ruling in *VE Holding* multiple times prior to *TC Heartland*. In addition to the Federal Circuit recognizing the binding nature of *VE Holding*, some members of Congress recognized the binding nature of *VE Holding*. *See OptoLum, Inc.*, 2017 WL 3130642, at *4 (citing S. Rep. No. 110-259, at 25 (2008), H.R. Rep. No. 114-235, at 34 (2015)).

Plaintiff, nevertheless, argues that the defense of improper venue was available to Defendant Impact Racing before *TC Heartland* in the sense that Defendant Impact Racing could have raised the very argument that the defendant in *TC Heartland* raised. (Doc. 23 at 3, 5 n.3). While Plaintiff is technically correct, in that Defendant Impact Racing could have raised the issue of venue for purposes of preserving the issue for a writ of certiorari to the Supreme Court, Plaintiff's argument overlooks how courts understand and interpret the word "available" within the context of Fed. R. Civ. P. 12(g) and the intervening law exception to the general rule of waiver. Put simply, to establish that an argument was unavailable, a defendant who failed to raise a defense earlier only needs to show the existence of binding or strong precedent foreclosing it from raising the belated argument earlier, such that it was not unreasonable for defendant not to have raised the argument earlier. *See Big River Minerals Corp.*, 181 F.3d at 605-06, *Gucci Am., Inc.*, 768 F.3d at 135-36.

Here, the precedent set by the Federal Circuit in *VE Holding* clearly foreclosed any reasonable argument Defendant Impact Racing could have made in assertion of a defense of improper venue. Up until the day the Supreme Court issued its decision in *TC Heartland*, this Court would have been required to apply *VE Holding* to any venue challenge raised by Defendant Impact Racing and conclude that venue was proper in any district where Defendant Impact Racing was subject to personal jurisdiction. *See Trintec Indus., Inc.*, 395 F.3d at 1280 (citing to *VE Holding* when emphasizing that the defendant's motion for improper venue was a "non-issue" because "[v]enue in a patent action against a corporate defendant exists wherever there is personal jurisdiction"). To that point, Plaintiff fails to identify a single district court case in the twenty-seven years between *VE Holding* and *TC Heartland* where a district court disregarded *VE Holding* and applied *Fourco Glass* to conclude that venue was improper. Nor do any of the recent district

13

cases favoring Plaintiff's position identify a single district court case of the like.[4] Furthermore, Plaintiff's own Amended Complaint implicitly acknowledges that *VE Holding* provided binding precedent relative to venue in patent litigation as Plaintiff's allegation regarding venue specifically relies on 28 U.S.C. § 1391(c) to establish proper venue in the Western District of North Carolina. (Doc. 12 at 3). Accordingly, this Court concludes that it was reasonable for Defendant Impact Racing not to raise the improper venue defense earlier in light of the binding precedent established by *VE Holding* that foreclosed the defense.

Having concluded that *TC Heartland* constitutes an intervening change in the law, and that the prevailing argument in *TC Heartland* was not available to Defendant Impact Racing when the first and second Rule 12(b) motions were filed, this Court turns to whether Plaintiff was prejudiced by Defendant Impact Racing's failure to raise the improper venue defense earlier. Defendant Impact Racing filed its motion to dismiss based on improper venue two weeks after the Supreme Court issued its decision in *TC Heartland*. Thus, Defendant Impact Racing acted promptly once the improper venue defense became available. *See Ironburg Inventions*, 2017 WL 3307657, at *3 (finding no undue prejudice or intentional delay on the part of the defendant since it filed its motion to transfer a little over a month after *TC Heartland* was decided). Additionally, this case is at an early stage in litigation and Defendant Impact Racing's second Rule 12(b) motion remains pending, so it is not apparent how entertaining the improper venue defense now would prejudice Plaintiff.[5] Furthermore, Plaintiff does not make any argument regarding how it was prejudiced by

---

[4] Unsurprisingly, this Court's own research yielded but a single case of the like and that lone district court opinion was reversed by the Federal Circuit in an unpublished, *per curiam* opinion. *See West*, 230 F.3d 1382, 2000 WL 152805, at *3 (reversing district court where district court did not apply *VE Holding* and instead relied only on state of incorporation to determine where defendant resided for purposes of venue).

[5] While the courts concluding that a defendant cannot rely on *TC Heartland* to overcome the waiver issue have not explicitly discussed or relied on prejudice to the plaintiff when reaching their conclusions, the majority of courts so holding have noted that the defendant filed its motion to dismiss for improper venue in close proximity to trial, or at least after the court had ruled on Rule 12 motions and other pre-trial matters. *See, e.g.*, *Cobalt Boats, LLC*, 2017 WL 2556679, at *2 (venue defense raised a few weeks before trial); *Infogation Corp.*, 2017 WL 2869717, at *3 (venue

Defendant Impact Racing having not raising the improper venue defense at an earlier stage. (*See* Doc. 23). Finally, as discussed in the next section, to the extent that this Court transfers this case rather dismisses this case, Plaintiff is at no risk of being barred by the statute of limitations or by any other procedural bar that would not already potentially defeat Plaintiff's claims.

D. <u>Dismissal vs. Transfer</u>

Having concluded that venue is improper in the Western District of North Carolina and that Defendant Impact Racing's belated Rule 12(b)(3) motion falls within an exception to the general rule of waiver, this Court must address whether Plaintiff's action should be dismissed or should be transferred to an appropriate venue, namely the Southern District of California. Although Rule 12(b)(3) is a motion to dismiss, where a district court finds that venue is improper, it is within the court's discretion, under 28 U.S.C. § 1406(a), to transfer a case to a district court where the suit could have been brought if the interests of justice favor transfer rather than dismissal. The "interests of justice" warrant transfer, in lieu of dismissal, when "time-consuming and justice defeating technicalities would penalize the plaintiff or prevent the case from being heard on the merits in the proper venue. *Dubin v. United States*, 380 F.2d 813, 815 (5th Cir. 1967); *see also Valspar Corp.*, 2017 WL 3382063, at *5 (emphasizing that dismissal "would serve only to delay the progress of justice to require [plaintiff] to start again from square one"). A transfer, rather than dismissal, is also appropriate where the plaintiff is certain to "almost immediately"

---

defense raised after denial of Rule 12(c) motion, after court issued claim construction order construing terms of patent, and after court resolved dispute over asserted priority date for patent); *iLife Techs.*, 2017 WL 2778006, at *1 (venue defense raised three months before trial); *Amax, Inc.*, 2017 WL 2818986, at *1 (venue defense raised after scheduling conference and after defendant filed motion for summary judgment). This Court declines to rely on the fact that this case is in the early stage of proceedings as a way of distinguishing this case from *Cobalt Boats, LLC, Infogation Corp., iLife Techs*, and the like, with respect to discreet issue of whether *TC Heartland* was or was not an intervening change in the law. However, in light of *Big River Mineral Corp.*'s suggestion that court's must consider prejudice to the plaintiff when applying the intervening change in the law exception to the general rule of waiver, differences in the stage of the proceedings at which the improper venue defense is first raised may be a proper basis for reaching contrary conclusions as to whether a defendant may rely on *TC Heartland* to overcome the general rule of waiver.

refile the action in the proper venue. *Giroir v. MBank Dallas, N.A.*, 676 F. Supp. 915, 923 (E.D. Ark. 1987).

The decision to transfer or dismiss "is a matter within the sound discretion of the district court. *Nation v. United States Gov't*, 512 F. Supp. 121, 126 (S.D. Ohio 1981) (citing 1 Moore's Fed. Prac. § 0.146(5). However, transfer is "generally considered to be more in the 'interest of justice' than dismissal and, therefore, doubts should be resolved in favor of preserving the action, particularly where it appears that venue may be properly laid in the proposed transferee district." *Id.* at 126-27 (citing 1 Moore's Fed. Prac. § 0.146(5); *Phillip Gall & Son v. Garcia Corp.*, 340 F. Supp. 1255 (E.D. Ky. 1972)). In light of the belated nature of Defendant Impact Racing's Rule 12(b)(3) motion, the fact that this case was filed nearly a year ago, and that briefing is complete on Defendant Impact Racing's second Rule 12(b)(6) motion to dismiss, this Court concludes that the interests of justice favor transferring, rather than dismissing, this action.[6]

## III. DECRETAL

**IT IS, THEREFORE, ORDERED THAT**:

(1) The Magistrate Judge's Memorandum and Recommendation (Doc. 19) is **ADOPTED**;

(2) Defendants Mastercraft Safety, Inc.'s and Impact Racing, Inc.'s Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) (Doc. 10) is **DENIED** as moot;

---

[6] In resolving Defendant Impact Racing's improper venue argument under Rule 12(b)(3) and 28 U.S.C. § 1406(a), this Court finds it unnecessary to consider Defendant Impact Racing's alternative argument for transfer under 28 U.S.C. § 1404(a). Furthermore, to the extent that Plaintiff, in arguing against Defendant Impact Racing's alternative motion to transfer under § 1404(a), asserts that Defendant Impact Racing now has a primary place of business is now in Indianapolis, Indiana, (Doc. 28 at 8), this assertion is not relevant to (1) where Defendant Impact Racing resides for purposes of the first clause of 28 U.S.C. § 1400(b) because a defendant's residence is determined solely based on a defendant's place of incorporation and (2) the district to which this Court may transfer this action under 28 U.S.C. § 1406(a) because that provision focuses exclusively on the "district or division in which [the action] could have been brought" at the inception of litigation and not on where venue might become proper at a latter juncture in the litigation.

(3) The Clerk is **DIRECTED** to **TERMINATE** Mastercraft Safety, Inc. as a defendant in this action;

(4) Defendant Impact Racing Inc.'s Motion to Dismiss under Fed. R. Civ. P. 12(b)(3) (Doc. 25) is **GRANTED** to the extent that this Court (a) concludes that venue is improper in this District and (b) exercises its discretion under 28 U.S.C. § 1406(a) to transfer this action to a district where the action could have been brought; and

(5) Pursuant to 28 U.S.C. § 1406(a), the Clerk is **DIRECTED** to **TRANSFER** this action to the Southern District of California.

Signed: August 22, 2017

Richard L. Voorhees
United States District Judge